SADIE SORENSON, *a widow*, v. SADIE SNOW.

149 So. 341.

Opinion Filed June 28, 1933.

*John E. Teate* and *Sears & Sears,* for Plaintiff in Error;
*J. D. Sparkman,* for Defendant in Error.

PER CURIAM.—In an action of ejectment brought by Sadie Snow against Sadie Sorenson, the verdict contains the following:

"We, the jury, find in favor of the plaintiff Mrs. Sadie Snow (also known as Sadie Blackburn Snow), and that said plaintiff is vested in fee with title to land described in the Declaration, And to recover possession thereof, to-wit:

"Being a portion of the Southern One Third of Lot Eleven (11), of A. S. Diven's Subdivision of a tract of land on Little Pottsburg Creek, in Section 52, Township 2, South, Range 27 East, according to Plat thereof in Deed Book "AH," Page 709 of the Former Public Records of Duval County, Florida; and the particular portion thereof used for and found in favor of plaintiff being that certain portion of said Southern One Third of said Lot Eleven (11) which comprises a strip of land 30.8 feet wide, extending the full length of said Lot Eleven (11) from the East boundary thereof, towit; the West line of the Public Road known as Spring Glen Avenue to the West boundary of said Lot, towit: Little Pottsburg Creek, and comprising all of said Southern One Third of said Lot Eleven (11) which is located, lying and being South of that certain fence placed, erected and built by plaintiff, her servants,

agents and employees, and predecessors in title, after purchasing said Lot Eleven (11), which forms the North line fence of that land set apart by plaintiff as her private driveway, lane or alley; and as well as the 20 feet lying South of and adjacent to the fence forming the South line fence of said lane, and which last named 20 feet extends the full length of said Lot Eleven (11), from East to West boundaries thereof, on the extreme Southerly portion of said Lot Eleven (11), and which last named 20 feet has heretofore been, and now is, enclosed by fences of said defendant, Sadie Sorenson, widow."

Judgment for the plaintiff was rendered on the verdict. A motion for new trial contained a ground that "the Verdict rendered herein is not the verdict which the Jury intended to render, in that several of the Jurors who sat at the trial hereof have stated since the trial that they intended to find that each of the parties to the suit were entitled to their lot, according to the Plat, as offered in evidence and not that the jury intended to find that the Defendant was on the land set out on Plaintiff's Declaration."

This motion was denied. A motion to set aside the order denying the motion for new trial and for a rehearing of the motion for new trial was denied. This latter motion need not be considered, since even if it be authorized by the rules of practice in this State, the matter presented will be included in the disposition made of the assignment of error predicated upon the order denying the motion for a new trial as to the fifth ground thereof, which is the only matter duly presented for decision.

The only ground of the motion for new trial that is duly assigned and argued is that the verdict rendered is not the verdict which the jury intended to render, in that several of the jurors have stated that they intended to find that each of the parties to the suit "were entitled to their lot, according

to the plat, as offered in evidence and not that the jury intended to find that the defendant was on the land set out in plaintiff's declaration."

The controversy is over land in the southern portion of Lot 11 of A. S. Diven's Subdivision in Section 52, Township 2, South, Range 27 East.

The ground of the motion for new trial does not accord with facts shown by the record proper. There was a plea of not guilty and also a plea denying that the defendant was in "possession of any part of lot 11 of A. S. Diven's Subdivision of a tract of land on Little Pottsburg Creek, in said declaration referred to." The verdict found does not sustain the plea, but the ground of the motion for new trial does not indicate an intended finding that accords with the issue presented by the pleadings as to Lot 11 as defined, even if the ground of the motion for new trial is otherwise reviewable.

Affidavits of the jurors in support of the motion state that it was the understanding "that the verdict would allow each of the contesting parties the land as specifically described in the A. S. Diven's Subdivision plat and as described in their deeds respectively made and provided."

The testimony taken at the trial is not in the transcript, and the ground of the motion for new trial, if otherwise reviewable here, does not show error by reference to the declaration, the verdict and the judgment. This Court is not informed as to what is shown by the recorded plat of A. S. Diven's Subdivision except as appears by the declaration, the verdict and the judgment; and is not informed as to what was shown by the deeds or other evidence at the trial.

The ground of the motion for new trial that is duly presented does not show error upon the record brought here, if the ground be reviewable here.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.